O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. SACV 08-00966 DOC (ANx)                                      Date: October 10, 2008

Title: Sensor Dynamics Ag Entwicklungs-Und Produktionsgesellschaft, et. al. v. Memsco LLC, et. al.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                    Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Kristee Hopkins                                                    Not Present   
Courtroom Clerk                                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                       NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER DENYING PLAINTIFFS MOTION TO CONFIRM FOREIGN ARBITRAL PARTIAL AWARD

      Before the Court is Plaintiffs Sensordynamics AG Entwicklungs-Und Produktionsgesellschaft ("Sensor Dynamics") and Fraunhofer Gesellschaft Zur Förderung Der Angewandten Forschung E.V.'s ("FG") petition to confirm foreign arbitral partial award and enter judgement thereon. The Court finds that the matter is appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.  After reviewing the moving, opposing, and replying papers, and for the reasons set forth below, the Court DENIES the motion.

## I. BACKGROUND

     Defendant Memsco LLC ("Memsco") is a technology development company based in Irvine, California.  On April 29, 2003 Memsco entered into a "Patent and Technology Sublicense Agreement" ("the Agreement") with Plaintiffs Sensor Dynamics and FG, two large technology companies registered in Austria and Germany, respectively.  In 2007 a dispute arose between the Plaintiffs and Defendant

regarding the Plaintiff's performance under this agreement.  On July 16, 2007 Plaintiffs filed a request for arbitration with the International Chamber of Commerce (ICC) Court of Arbitration, in accordance with the terms of the Agreement.  The request for arbitration was registered under ICC Case No. 15072/JHN.

The ICC Court, by letter dated July 19, 2007, invited Defendant to submit its Answer to the Request for Arbitration.  Additionally, by letter dated July 19, 2007, Plaintiff was asked by the ICC to pay an advance on costs of $82,000.  On August 16, 2007, the parties were informed that the provisional advance on costs had been paid entirely by Plaintiffs.

On August 23, 2007, Defendant submitted its Answer to Plaintiff's Request for arbitration and objected to the amount in dispute.  On September 21, 2007 the ICC Court determined that arbitration should continue and set the advance on costs at $370,000.  By letter dated November 26, 2007, Defendant informed the Arbitral Tribunal that it did not intend to pay the advance on costs.  In response to this letter the Secretariat of the ICC Court, by letter dated December 6, 2007, invited the Plaintiffs to pay the Defendants share of the advanced costs.

On January 15, 2008, Plaintiffs established two bank guarantees to cover the Defendant's share of the costs of arbitration.  The following day, Plaintiffs asked the Arbitral Tribunal for an indication as to whether it would issue a partial award, in favor of Plaintiffs and in the amount of these costs.  Plaintiff further inquired if the issuance of a partial award would depend on the Plaintiff substituting cash, rather than bank deposits.

On April 2, 2008 an oral hearing took place on the issue of Defendant's obligation to pay its share of the advance on costs.  The ICC determined, after this hearing, that Defendant had a separate contractual obligation to share the costs of arbitration with Plaintiff.  Shortly after this hearing, the ICC Court invited the Plaintiffs to consider replacing the bank guarantees with cash.  On April 25, 2008 the Secretariat of the ICC acknowledged that Plaintiffs had paid Defendant's share of the fees.  On June 18, 2008, the Arbitral Tribunal entered a partial award in favor of Plaintiffs and against Defendant on Plaintiff's request for reimbursement of all costs connected with Plaintiff's substitution for Defendant's share of the advanced costs.  On August 27, 2008 Plaintiff filed a petition with this court, seeking to confirm the partial award and enter judgment thereon.

## II. LEGAL STANDARD

The United States, Austria, and Germany are signatories to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, which is commonly referred to as the "New York Convention" and incorporated into the laws of the United States under 9 U.S.C. § 201 *et seq.*

Article I of the New York Convention states that the Convention shall "apply to the recognition and enforcement of arbitral awards made in the territory of a state other than the state where the

recognition and enforcement of such awards are sought." Federal law implementing the New York convention, further states that:

> "An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial...falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states"

9 U.S.C. § 202. Accordingly, the Convention applies to the award issued by the International Chamber of Commerce in Paris, France, on behalf of Plaintiffs, an Austrian and German company, and sought for enforcement in Federal District Court in the Central District of California.

Under federal law implementing the New York convention, "The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." Article V, section 1(e) of the New York Convention permits refusal of confirmation on the grounds that "[t]he award has not yet become binding on the parties."

Few United States cases have dealt with the issue of determining the finality of partial awards, for the purposes of confirmation under the New York Convention. In *Hall Steel Company v. Metalloyd LTD.*, 492 F.Supp.2d 715 (2007), the court concluded, after reviewing cases involving the confirmation of domestic partial arbitral awards, that "courts have insisted upon some reason to overcome their usual resistance to piecemeal confirmation of a series of interim awards as each one is issued in an ongoing arbitration proceeding.". Applying this principle to the New York Convention, the court found that an interim award issued by a London arbitrator was subject to judicial confirmation only if the award was final and an immediate need for relief existed. [Citing *Island Creek Coal Sales Co. v. City of Gainesville,* 729 F.2d 1046 (6th Cir.1984); *Publicis Communication,* 206 F.3d at 725; *Yasuda Fire & Marine Insurance Co. v. Continental Casualty Co.,* 37 F.3d 345, 348 (7th Cir.1994); *Pacific Reinsurance Management Corp. v. Ohio Reinsurance Corp.,* 935 F.2d 1019, 1022-23 (9th Cir.1991); and *Banco de Seguros del Estado v. Mutual Marine Offices, Inc.,* 230 F.Supp.2d 362, 368-70 (S.D.N.Y.2002).]

In *Hall* the court denied the petition for confirmation, stating that "the arbitrator's interim award of monetary relief in this case may readily be addressed along with his disposition of the parties' dispute on the merits, without any need for immediate judicial recourse in order to preserve the status quo while the arbitration proceedings are ongoing." *Hall Steel Company v. Metalloyd LTD.*, 492 F.Supp.2d 715, 720.

### III. DISCUSSION

Plaintiffs argue that the partial award issued by the ICC is sufficiently final to justify the immediate confirmation of the award under the New York Convention. Prior case law states that a partial award is confirmable when the arbitrator issues a final award on an issue distinct from the controversy on the merits. *Pacific Reinsurance Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019 (9th Cir. 1991). Plaintiffs argue that the award for arbitration costs, at issue in this case, is independent and distinct from the claims of the Parties regarding the breach of the sublicense agreement, and is therefore "binding," as required by the New York Convention.

It is the position of the Defendants that the partial award lacks finality, as the amounts at issue in the award, as well as the liability of the parties, is subject to future change. The partial award issued by the ICC awards half the costs of arbitration to the Plaintiffs. However, Defendant argues, the costs of arbitration are estimated based on the amount in controversy in the case on the merits. As such, depending on the resolution of the case on the merits, the amount of the arbitration costs may increase or decrease. Additionally, the liability of the parties will be determined only after the resolution of the case on the merits, as the losing party will be liable for the entire costs of arbitration.

The court need not rule on the issue of finality, as other requirements for confirmation are lacking. Namely, Plaintiffs have failed to demonstrate a need for immediate relief. Plaintiffs Sensor and FG chose, voluntarily, to cover Defendant Memsco's costs of the arbitration. To cover these costs Plaintiffs initially put forth two bank guarantees, which were sufficient to allow arbitration to continue. Plaintiffs chose, of their own volition, to substitute cash for the bank guarantees, despite the fact that arbitration could have continued without these funds. In light of the fact that Plaintiffs Sensor Dynamics and FG were able to issue these funds voluntarily, no pressing need for their award can currently be found.

Plaintiffs Sensor Dynamics and FG can show no immediate need for the funds that they choose to voluntarily issue. As no need for judicial recourse currently exists, this partial award can be readily addressed along with the disposition of the parties dispute on the merits.

## IV . DISPOSITION

Accordingly, for the reasons set forth above, the Court hereby DENIES Plaintiffs petition for confirmation of a foreign arbitral agreement and entrance of judgment.

The Clerk shall serve this minute order on all parties to the action.