O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 08-00966 DOC (ANx)                      Date: November 3, 2008

Title:  SensorDynamics AG Entwicklungs - Und Produktionsgesellschaft, et al. v. Memsco LLC, et al.

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                        Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                          NONE PRESENT

---

PROCEEDING (IN CHAMBERS): DENYING APPLICATION OF RESPONDENT FOR AWARD OF ATTORNEY'S FEES

       Before the Court is Respondent Memsco, LLC's ("Memsco") Motion for Attorney's Fees Based on the Court's Order Denying Sensor Dynamics AG Entwicklungs-Und Produktionsgesellschaft et al.'s Petition to Confirm Foreign Arbitral Award (the "Motion").  The Court finds the matter appropriate for decision without oral argument. FED. R. CIV. P. 78; Local Rule 7-15.  After considering the moving, opposing, and replying papers, the Court hereby DENIES Memsco's Motion.

## I. BACKGROUND

       Memsco is a technology development company based in Irvine, California. On April 29, 2003 Memsco entered into a "Patent and Technology Sublicense Agreement" (the "Agreement") with Plaintiffs Sensor Dynamics and Fraunhofer-Gesellschaft Zur Förderung Der Angewandten Forschung E.V. ("FG"), two large technology companies registered in Austria and Germany (respectively,

"Petitioners"). In 2007 a dispute arose between the Petitioners and Memsco regarding the Plaintiff's performance under this agreement. On July 16, 2007 Petitioners filed a request for arbitration with the International Chamber of Commerce (ICC) Court of Arbitration, in accordance with the terms of the Agreement. The ICC Court invited Memsco to submit its Answer to the Request for Arbitration. Additionally, by letter dated July 19, 2007, Petitioners were asked by the ICC to pay an advance on costs of $82,000. On August 16, 2007, the parties were informed that the provisional advance on costs had been paid entirely by Petitioners.

On August 23, 2007, Memsco submitted its Answer to Petitioners' Request for arbitration and objected to the amount in dispute. On September 21, 2007 the ICC Court determined that arbitration should continue and set the advance on costs at $370,000. By letter dated November 26, 2007, Memsco informed the Arbitral Tribunal that it did not intend to pay the advance on costs. In response to this letter the Secretariat of the ICC Court, by letter dated December 6, 2007, invited the Petitioners to pay Memsco's share of the advanced costs.

On January 15, 2008, Petitioners established two bank guarantees to cover Memsco's share of the costs of arbitration. The following day, Petitioners asked the Arbitral Tribunal for an indication as to whether it would issue a partial award, in favor of Petitioners and in the amount of these costs.

Plaintiff further inquired if the issuance of a partial award would depend on the Plaintiff substituting cash, rather than bank deposits. On April 2, 2008 an oral hearing took place on the issue of Memsco's obligation to pay its share of the advance on costs. The ICC determined, after this hearing, that Memsco had a separate contractual obligation to share the costs of arbitration with Plaintiff. Shortly after this hearing, the ICC Court invited the Petitioners to consider replacing the bank guarantees with cash. On April 25, 2008 the Secretariat of the ICC acknowledged that Petitioners had paid Memsco's share of the fees. On June 18, 2008, the Arbitral Tribunal entered a partial award in favor of Petitioners and against Memsco on Plaintiff's request for reimbursement of all costs connected with Memsco's substitution for Memsco's share of the advanced costs.

On August 27, 2008 Plaintiff filed a petition with this court, seeking to confirm the partial award and enter judgment thereon (the "Petition"). On October 10, 2008, this Court denied Petitioners' Petition. In the instant Motion, Memsco seeks attorney's fees based on this Court's order denying the Petition.

## II. LEGAL STANDARDS

Under the "American Rule," the prevailing party is usually not entitled to attorney's fees. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835 (2001). "An award of attorneys' fees to a litigant in federal court is improper in the absence of a contract, an applicable statute, a finding that the losing party acted in bad faith, or other exceptional

CIVIL - GEN                                                                                                           Page 2 of 3

circumstances." *Chang v. Chen*, 95 F.3d 27, 28 (9th Cir. 1996); *see also Sea-Land Serv., Inc. v. Murrey & Son's Co.*, 824 F.2d 740, 744 (9th Cir. 1987).

A plaintiff is considered a prevailing party if it succeeds on any significant issue in litigation which gives some benefit that plaintiff sought in bringing the suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). To satisfy this requirement, the suit must have produced a material alteration of the legal relationship between the parties. *Buckhannon,* 532 U.S. 598, 604, 121 S. Ct. 1835 (2001). This alteration may be the result of an enforceable judgment or comparable relief through a consent decree. *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S. Ct. 566 (1992). If a plaintiff achieves only partial success, the reasonable hours expended on the action as a whole multiplied by a reasonable rate may be an excessive amount. *Hensley*, 461 U.S. at 436.

## III. DISCUSSION

### A. The License Agreement Does Not Authorize Attorney's Fees in this Context

Memsco has not argued that Petitioners acted in bad faith in bringing the Petition, nor are there exceptional circumstances in this case that warrant departure from the American Rule on attorney's fees. Instead, Memsco bases its request for attorney's fees solely on a provision in the Agreement that grants attorney's fees to the prevailing party in "any arbitration or proceeding arising out of or related to this Agreement." Pet.'s Mo. 2:17 - 3:12; Patent and Technology Sublicense Agreement, Section 13.12.

Memsco's request is premature. This Court has not reviewed the merits of the ICC award at issue. Rather, it has merely issued a decision as to whether the partial award issued by the ICC should be *immediately confirmed*, by this Court, under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Once the Petitioners and Respondent have received a final award and an adjudication, on the merits, from the ICC, the Agreement's provision pertaining to attorney's fees will be triggered.

### B. Awarding Attorney's Fees at the Present Time Would be Premature

On November 3, 2008, Petitioners filed a Notice of Appeal to the Ninth Circuit from the order denying the Petition. Because Petitioners are appealing this Court's denial of the Petition, a present award of attorney's fees would be premature even if the Agreement's provision on attorney's fees was applicable to this Court's denial of the Petition.

For the foregoing reasons, Respondent's Motion is DENIED. The Clerk shall serve this minute order on all parties to the action.